BUCHALTER
A Professional Corporation
WILLMORE F. HOLBROW III (SBN: 169688)
MATTHEW SEROR (SBN: 235,043)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com

Attorneys for Pacific Dental Services, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| Pacific Dental Services, LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>John Doe, owner/operator of lawmeg.com<br><br>　　　　Defendant. | Case No. 8:23-cv-00770<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Pacific Dental Services, LLC ("Pacific Dental") by and through its undersigned attorneys, for its Complaint for Defamation against Defendant John Doe ("John Doe" or "Defendant"), alleges as follows:

## INTRODUCTION

1. This action arose from the conduct of Defendant, who is engaging in a public effort utilizing deliberate false statements to defame Plaintiff and damage Plaintiff's business.

2. The Defendant's actions include posting multiple false articles on its website that claim Plaintiff is (i) engaged in unethical and fraudulent conduct, and (ii) subject to various lawsuits involving claims and in jurisdictions, which are also false.

3. Plaintiff seeks to discover the identity of the anonymous poster and owner of the website on which these defamatory articles were published, have these articles removed from the website, recover damages based on the Defendant's unlawful actions, and to obtain an injunction to prohibit the Defendant from publishing similar false statements and articles in the future.

## THE PARTIES

4. Plaintiff Pacific Dental is a Delaware limited liability company with a principal place of business at 17000 Red Hill Avenue, Irvine, California 92614. Pacific Dental is engaged in the business of non-clinical support for dental practices throughout the United States.

5. Plaintiff is ignorant of the true name and capacity of Defendant sued herein as John Doe who operates the website lawmeg.com. Through diligence, Plaintiff was able to locate an email address associated with the website lawmeg.com via which authors can submit articles to be published on lawmeg.com. However, despite Plaintiff's best efforts, it was unable to locate an ISP or other contact information for Defendant such that Defendant's identity and/or location could be determined. The contact information of the owner of the lawmeg.com url is concealed and not publically available. As such, Plaintiff sues this Defendant using a fictitious name. Plaintiff will amend this complaint to include the Defendant's true name and capacity once determined. Plaintiff is informed and believes and, therefore, alleges that the fictitiously named Defendant has conducted acts which have harmed and continue to harm the Plaintiff as hereinafter alleged, and that Plaintiff's rights against such fictitiously named Defendant arises from such harmful and tortious conduct.

## JURISDICTION AND VENUE

6. The Court has jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Delaware with a principal place of business in California. Upon information and belief, Defendant is a citizen of states other than Delaware and

California. The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

7. Plaintiff is informed and believes that Defendant is subject to the Court's personal jurisdiction because he/she has intentionally targeted the articles and false statements at-issue in this lawsuit to California.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district; the defamatory statements were directed to citizens in this district.

**INTRADISTRICT ASSIGNMENT**

9. This action is properly assigned to the Santa Ana Division of the Court, as the conduct giving rise to this dispute occurred in or was directed to Orange County, California.

**RELEVANT FACTS**

10. Plaintiff Pacific Dental is a California-based company which provides non-clinical business support services for dental practices throughout California and the United States. Plaintiff's goal is to empower oral healthcare providers to deliver high levels of patient care by handling or enabling business and administrative tasks for dental practices. Initially founded in 1994, Plaintiff has grown to support more than 900 dental practices in California and the United States.

11. It is critical for a support company like Pacific Dental to maintain strong credibility with dental practices in order to grow and support its business and clients.

12. Lawmeg.com appears to be a legal blog, namely "Law and Lawyers Magazine" with articles about various types of legal practices, issues, and cases. LawMeg.com featured a series of false articles relating to Plaintiff.

13. Upon information and belief, an author purportedly named "Milo" posted an article on lawmeg.com titled "Pacific Dental Services Lawsuit". *See* **Exhibit A** for a full copy of the article (hereinafter "First Article"). The First

1  Article is dated July 25, 2021, although it is uncertain when it was actually posted.

2        14.    The First Article erroneously stated that Pacific Dental Services was
3  "deeply involved in the failed Health Insurance Portability and Accountability
4  Act"… and "chose to disregard proper procedures when providing dental services."

5        15.    Upon information and belief, based on the date on the article, on or
6  about March 25, 2023 the author "Milo" created and posted a Second Article. See
7  **Exhibit B** – full copy of Second Article. For at least the following reasons, the
8  Second Article also incorporates defamatory statements, including without
9  limitation the following: "Over the years, [Pacific Dental Services] PDS has been
10 the subject of several lawsuits, the most notable being the whistleblower lawsuit
11 filed by former employees in 2019."

12       16.    In a section titled "Background of Pacific Dental Services", the Second
13 Article states that "Pacific Dental Services is a dental service organization based in
14 Irvine, California. The company was founded by Dr. Steven Thorne in 1994,
15 providing non-clinical support to dental practices. PDS has over 800 dental
16 practices in multiple states across the United States, employing over 10,000 people.
17 The company provides marketing, accounting, and human resources support to
18 dental practices."

19       17.    The Second Article states that "[i]n 2019, a group of former employees
20 filed a whistleblower lawsuit against Pacific Dental Services." The Second Article
21 claims that lawsuit was filed in the United States District Court for the Central
22 District of California.

23       18.    The Second Article further asserts that the allegations raised in the
24 lawsuit include claims that Pacific Dental "overcharged patients by billing them for
25 unnecessary treatments", "provided kickbacks to dentists for performing
26 unnecessary treatments", "billed Medicaid for unnecessary treatments", and
27 "encouraged dentists to perform unnecessary treatments to meet production
28 targets".

19. The Second Article also asserts that Pacific Dental "has denied all allegations made in the lawsuit" and that the whistleblower lawsuit is "ongoing" with the parties "currently discovering" with the expectation to "try the case soon".

20. The Second Article also claims the whistleblower lawsuit has "significant implications for the dental industry" and has "raised concerns about the business practices of dental services organizations and the need for greater oversight of these organizations".

21. To date, Plaintiff Pacific Dental has never been named as a defendant in a whistleblower lawsuit in the United States District Court for the Central District of California or elsewhere.

22. According to the Second Article, the plaintiff in the whistleblower action filed the lawsuit pursuant to the False Claims Act (31 U.S.C. §§ 3729 *et seq.*). As the alleged lawsuit was filed under a federal statute, any lawsuit would have been filed in federal court, not state court.

23. Utilizing the Public Access to Court Electronic Records ("PACER") website, Plaintiff Pacific Dental has been named as a defendant in four lawsuits filed in the United States District Court for the Central District of California and only one is active, namely *Morris v. Pacific Dental Services, LLC et al.*, Case No. 4:22-cv-00370 (D. Ariz.). That case is not a whistleblower action.

24. As Plaintiff is not involved in any whistleblower lawsuit and for several other reasons, the Second Article is false.

25. On or about March 30, 2023, Plaintiff discovered the article about the alleged whistleblower lawsuit. A representative of Plaintiff promptly contacted the only email address (eocer.com@gmail.com) associated with the lawmeg.com website seeking to have the article removed from the lawmeg.com website. *See* **Exhibits C**. No representative of lawmeg.com ever responded to the email.

26. As such, on April 25, 2023 counsel for Plaintiff sent a letter to lawmeg.com and its domain registrar, NameSilo, LLC, again asking for the article

to be removed. *See* **Exhibit D**. A copy of the Second Article downloaded on April 20, 2023 was attached to that letter. Counsel for Plaintiff received an automated response from NameSilo. However, counsel for Plaintiff did not receive any response from lawmeg.com.

27. Despite not receiving any response from lawmeg.com, at some point between April 25 and April 26, another article was posted on lawmeg.com (hereinafter "Third Article"). *See* **Exhibit E**.

28. The title of the Third Article reads "Pacific Dental Services Lawsuit". It is still allegedly authored by "Milo" who upon information and belief is the named used by an administrator of the lawmeg.com website.

29. In the Third Article, all references to a whistleblower lawsuit filed against Pacific Dental have been removed. Instead, the Third Article refers to a "lawsuit filed by former employees".

30. The section titled "Background of Pacific Dental Services" has also been removed.

31. Despite the changes in the Third Article, the article still includes the same claims from the unidentified and non-existent lawsuit, namely that Pacific Dental "overcharged patients by billing them for unnecessary treatments," "provided kickbacks to dentists for performing unnecessary treatments," "billed Medicaid for unnecessary treatments," and "encouraged dentists to perform unnecessary treatments to meet production targets."

32. The Third Article still includes the statements that the lawsuit is "ongoing" with the parties "currently discovering" with the expectation to "try the case soon".

33. Finally, the Third Article still includes the claims that the lawsuit has "significant implications for the dental industry" and has "raised concerns about the business practices of dental services organizations and the need for greater oversight of these organizations".

34. As noted above, Plaintiff is only involved in one pending lawsuit in federal court, which is not related to the alleged conduct described in the Third Article.

35. Moreover, Plaintiff is not involved in any state court action meeting the description of the alleged lawsuit in the Third Article.

36. In light of the above and for other reasons, the Third Article is false.

37. Upon information and belief, Defendant was fully aware of the damage their false, defamatory statements can cause and knowingly posted multiple misleading, inaccurate, unfounded, and false statements and articles directed toward Pacific Dental on the lawmeg.com website.

38. Plaintiff seeks to enjoin Defendant from making future defamatory statements, to remove the existing defamatory articles, and to recover damages for all defamatory statements.

## FIRST CAUSE OF ACTION

## DEFAMATION

**(Cal. Civ. Code §§ 44 *et seq.*)**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint for Defamation as if fully set forth herein.

40. Defendant published multiple articles and statements on the lawmeg.com website that falsely accused Pacific Dental, by name, of association with serious lawsuits and unethical behavior relating to its business practices.

41. Defendant's published articles and statements are libelous on their face, as the articles and statements have the tendency to injure Plaintiff's business reputation and credibility.

42. Defendant's articles and statements were not protected by any recognized privilege.

43. Defendant deliberately published these libelous articles and statements with full knowledge of their false and libelous nature, and with the intention of

deliberately harming Pacific Dental's business reputation and ability to conduct its business.

44. Defendant acted with malice when they published the series of articles referenced above. Defendant knew, or should have known via a basic search of court records, that Plaintiff was not involved in the lawsuits described in the above articles. Yet Defendant published the articles with knowledge of their false and libelous nature or with reckless disregard of the truth. Further, Defendant continued to publish false articles after receiving notice of their falsity.

45. Pacific Dental is informed and believes that the articles and statements exposed it to hatred, contempt, ridicule, and obloquy.

46. In addition to compensatory and actual damages, Pacific Dental is entitled to recover punitive damages sufficient to punish Defendant for making the defamatory statements with malice, fraud, and/or oppression.

47. Pacific Dental believes that potential and current customers and clients chose not to enter into business with Pacific Dental as a result of Defendant's articles and statements on the lawmeg.com website.

48. As a result of Defendant's libelous communications, Pacific Dental has suffered and will continue to suffer damages for loss of reputation to its business and trade.

**PRAYER FOR RELIEF**

Based upon the above facts and allegations, Plaintiff Pacific Dental prays for relief as follows:

1. For judgment in favor of Plaintiff and against Defendant;
2. For general, special, and/or compensatory damages in an amount according to proof at time of trial, but estimated to exceed $100,000.00;
3. For exemplary and punitive damages of an amount sufficient to deter Defendant's conduct;
4. For interest at the rates permitted by law;

5. For injunctive relief requiring Defendant to cease and desist their publication of libelous articles and statements against Pacific Dental;

6. For an order requiring Defendant to remove and refrain from reposting the false articles about Plaintiff from its website, including without limitations articles related thereto;

7. For costs of this lawsuit herein;

8. For reasonable attorneys' fees to the extent permitted by law; and

9. For such additional relief the Court deems proper.

DATED: May 3, 2023        BUCHALTER,
A Professional Corporation

By:    */s/ Matthew Seror*
WILLMORE F. HOLBROW III
MATTHEW SEROR

Attorneys for Pacific Dental Services, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims triable by jury.

DATED: May 3, 2023

BUCHALTER,
A Professional Corporation


By: ___*/s/ Matthew Seror*___
WILLMORE F. HOLBROW III
MATTHEW SEROR

Attorneys for Pacific Dental Services, LLC